Scott E. Davis, Esq.
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone: (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Paula Pinheiro*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Paula Pinheiro, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Life Insurance Company of North America; M + W Americas, Inc.; M + W Americas, Inc. Disability Plan, | |
| Defendants. | |

Now comes the Plaintiff Paula Pinheiro (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

*Jurisdiction*

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

1  U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of
2  the United States.

### *Parties*

3.
4      2.     Plaintiff is a resident of Maricopa, Arizona.

5      3.     Upon information and belief, Defendant M + W Americas, Inc. (hereinafter
6  referred to as the "Company") sponsored, subscribed to and administered an Employee
7  Welfare Benefit Plan within the meaning of 29 U.S.C. §1002(1). The specific short term
8  disability policy was purchased and fully insured by Life Insurance Company of North
9  America (hereinafter referred to as "LINA"), and is known as Policy No.: LK0750886
10 (hereinafter referred to as the "STD Policy"). Upon information and belief, the STD
11 policy may have been included in and part of the M + W Americas, Inc. Disability Plan
12 (hereinafter referred to as the "Plan") which was created to provide the Company's
13 employees with welfare benefits.

14     4.     Upon information and belief, the Company or Plan may have delegated
15 responsibility and/or claim administration of the STD policy to LINA. Plaintiff believes
16 that as it relates to her claim, LINA functioned as the Plan and/or Claim Administrator;
17 however, pursuant to the relevant ERISA regulation, the Company and/or Plan may not
18 have made a proper delegation or properly vested fiduciary and/or discretionary power for
19 claim administration in LINA. The policy does not contain discretionary language in favor
20 of LINA; therefore, the standard of review is *de novo*.

21     5.     Upon information and belief, LINA operated under a structural conflict of
22 interest in that it functioned in dual roles as the decision maker and payor of benefits; *to wit*,

if LINA approved Plaintiff's claim, it was also liable for payment of benefits. [1]

6.  The Company, Plan and LINA conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

### *Venue*

7.  Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

### *Nature of the Complaint*

8.  Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks short term disability benefits from the Plan and/or the relevant aforementioned policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9.  After working for the Company as a loyal employee, Plaintiff became disabled on or about June 29, 2012, due to serious medical conditions and was unable to work in her designated occupation as a Project Administrator. Plaintiff has remained disabled as that term is defined in the relevant STD policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

---

[1] In *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 868 (9th Cir. 2008) the court held, "In Bruch, the Supreme Court instructed us to "weigh[ ]" a fiduciary's "conflict of interest" as "a 'facto[r] in determining whether there is an abuse of discretion.' " 489 U.S. at 115 (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)). *MetLife labors under such a conflict of interest: It both decides who gets benefits and pays for them, so it has a direct financial incentive to deny claims.* See Langbein, supra, at 1321 ("The danger pervades the ERISA-plan world that a self-interested plan decision maker will take advantage of its license under Bruch to line its own pockets by denying meritorious claims.")(emphasis added).

10. Plaintiff applied for short term disability benefits under the relevant STD policy which was administered by LINA, and upon information and belief, the definition of disability in the STD policy governing Plaintiff's short term disability claim is as follows:

Definition of Disability/Disabled:

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

- Unable to perform the material duties of his or her Regular Occupation; and
- Unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

11. In support of her claim for short term disability benefits, Plaintiff submitted to LINA medical records and medical questionnaires completed by her treating physicians supporting her disability as defined by the relevant STD policy.

12. LINA notified Plaintiff in a letter dated October 3, 2012 it was denying her claim for short term disability benefits.

13. Plaintiff appealed LINA's October 3, 2012 denial of her short term disability claim in a letter dated November 2, 2012 and again submitted medical records and medical questionnaires completed by her treating physicians, which supported her claim for short term disability benefits.

14. As part of its review of Plaintiff's claim for short term disability benefits, LINA obtained a medical records only "paper review" of Plaintiff's claim from one of its own employees who worked as a Behavioral Health Specialist. As a LINA employee, Plaintiff believes the Behavioral Health Specialist was motivated by or had an incentive to protect his/her own employment with LINA by providing paper reviews which selectively reviewed or ignored evidence, such as occurred in Plaintiff's claim in order to provide opinions and report(s) which were favorable to LINA and supported the denial of Plaintiff's claim.

15. Plaintiff questions the independence, impartiality and bias of LINA's own employee to fully and fairly review her claim and she believes the employee's opinions are adversarial because of his/her conflict of interest as a LINA employee. Plaintiff believes LINA's financial conflict of interest is a motivating factor in why it referred Plaintiff's claim to its own employee rather than having an independent, outside physician review the claim.

16. Notwithstanding the medical documentation submitted by Plaintiff, LINA notified Plaintiff in a letter dated December 19, 2012 that it was upholding its prior decision to deny her claim for short term disability benefits.

17. In LINA's December 19, 2012 letter, it also notified Plaintiff she could file a civil action lawsuit in federal court pursuant to ERISA.

18. In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

19. LINA failed to adequately investigate Plaintiff's case and failed to engage Plaintiff and/or her treating medical professionals in a dialogue with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim. LINA's failure to investigate Plaintiff's claim and to engage in this dialogue or to obtain the evidence it

---

[2] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

5

believed was important to perfect Plaintiff's claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

20. Plaintiff believes LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to credit Plaintiff's reliable evidence; failing to adequately investigate her claim; failing to have her examined by a medical professional; providing a one sided review of Plaintiff's claim that failed to consider all evidence submitted by her and/or de-emphasized medical evidence which supported Plaintiff's claim; failing to have Plaintiff's claim reviewed by a medical professional who is independent and a non-LINA employee; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the impact the combination of those diagnoses and impairments would have on her ability to work; failing to engage Plaintiff and/or her treating medical professionals in a dialogue so she could submit the necessary evidence to perfect her claim and failing to consider the impact the side effects from Plaintiff's medications would have on her ability to engage in any occupation.

21. Plaintiff further believes the reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles LINA undertook as decision maker and payor of benefits which created an inherent conflict of interest.

22. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of LINA and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of any conflict of interest which may have impacted or influenced LINA's decision to deny her STD claim.

23. With regard to whether Plaintiff meets the definition of disability set forth in the relevant policy, the Court should review the evidence in Plaintiff's claim *de novo* because the policy does not contain discretionary language. Even if the Court concludes the STD policy confers discretion to LINA, the unlawful violations of ERISA committed by LINA as referenced herein are so flagrant they justify *de novo* review.

24. As a direct result of LINA's decision to deny Plaintiff's short term disability claim, she has been injured and suffered damages in the form of lost short term disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan, the Company and/or LINA as a result of being found disabled. Plaintiff believes other potential employee benefits may include, but not be limited to, long term disability benefits, health and other insurance related coverage or benefits, retirement benefits or a pension, a life insurance policy and/or the waiver of the premium on a life insurance policy in the event she was found disabled by LINA.

25. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

26. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order requiring Defendants to pay Plaintiff her short term disability benefits and any other employee benefits she may be entitled to from Defendants as a result of being found disabled pursuant to the Plan and/or policy from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon;

B.   For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

C.   For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.   For such other and further relief as the Court deems just and proper.

DATED this 31st day of May, 2013.

SCOTT E. DAVIS. P.C.

By: */s/ Scott E. Davis*
    Scott E. Davis
    Attorney for Plaintiff